UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

LEWIS GEE,                              )
                                        )
            Petitioner,                 )
v.                                      )     No. 1:07-cv-32-DFH-TAB
                                        )
STEVE CARTER, Indiana Attorney          )
 General,                               )
                                        )
            Respondent.                 )

**Entry Denying Petition for Writ of
Habeas Corpus and Directing Entry of Judgment**

The petition of Lewis Gee for a writ of habeas corpus is **denied** and this action is **dismissed with prejudice.**

## I. Nature of the Case

Gee seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## II. Parties

Gee is an inmate at a federal prison in Kentucky.

The respondent is the Indiana Attorney General, which is appropriate in a habeas action in which the petitioner is not confined within the forum state.

## III. Background

Gee was convicted of drug offenses in an Indiana state court.

The Indiana Court of Appeals affirmed Gee's convictions on direct appeal in *Gee v. State*, No.49A05-0306-CR-278 (Ind.Ct.App. March 12, 2004) (*Gee I*). Gee's amended petition for post-conviction relief was denied and this disposition was affirmed in *Gee v. State*, 49A02-0512-PC-01192 (Ind.Ct.App. June 27, 2006) (*Gee II*). Gee sought transfer to the Indiana Supreme Court. His petition to transfer was denied on August 17, 2006. This action then followed, having been filed on January 9, 2007.

## IV. Facts

The Indiana Court of Appeals set forth the facts of Gee's offenses and convictions as follows:

> On July 30, 1999, the Indianapolis Police Department ("IPD") Narcotics Unit received an anonymous tip that cocaine was being kept at the residence located at 11427 Mutz Court. Further investigation revealed that Gary Gee and [his cousin] Lewis Gee, Jr. ("Gee") were living at the house together during that time. On August 17, 1999, at approximately 8:30 a.m., IPD Officer Jeffrey Krider removed a garbage bag from a trash can sitting at the curb directly in front of the Gees' residence. Officer Krider took the garbage bag to the police station and searched it. Inside the bag he found a plastic baggie and a paper napkin, both of which tested positive for cocaine residue. Officer Krider also found several pieces of mail addressed to Gee with "11427 Mutz Court" listed as his address.
>
> On August 19, 1999, Officer Krider obtained a search warrant to search the Gee residence based on the information he obtained from the garbage bag. A team of officers executed the search warrant and found, *inter alia*, cocaine, marijuana, small baggies, a digital scale, and a firearm. The State charged Gee with dealing in cocaine, possession of cocaine, dealing in marijuana, possession of marijuana, and possession of cocaine and a firearm, all felonies. Before trial, Gee moved to suppress evidence obtained pursuant to the search warrant, alleging that the search of the garbage bag was improper. The trial court denied Gee's motion, and a jury trial was held on July 16 and 17, 2001. Gee did not appear for trial and was tried *in absentia*. The jury found Gee guilty of dealing in and possession of both cocaine and marijuana, but not guilty of possession of cocaine and a firearm.
>
> At the beginning of his sentencing hearing, Gee explained his absence at trial and moved to set aside the verdict. The trial court denied Gee's motion, merged the possession and dealing convictions, and sentenced Gee to thirty years (with five years suspended) for dealing in cocaine, and one and one-half years for dealing in marijuana, sentences to run concurrently.

*Gee I,* at pp. 2-3 (footnote omitted).

## V. Gee's Claims

Gee's claims are as follows:

(1) A decision of the Indiana Supreme Court, *Litchfield v. State,* 824 N.E.2d 356 (Ind. 2005), should have been applied retroactively to his case and the state courts' finding that *res judicata* barred Gee from relief under *Litchfield* is contrary to or an unreasonable application of federal law;

  (2) The state courts' decision concerning Gee's claim of ineffective assistance of appellate counsel was contrary to or an unreasonable application of federal law; and

  (3) The state courts' decision regarding Gee's trial *in absentia* was contrary to or an unreasonable application of federal law and his trial and appellate counsel rendered ineffective assistance for failing to challenge his trial *in absentia*.

## VI. Standard of Review

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). See *Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004). Review of Gee's habeas action is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lambert v. McBride,* 365 F.3d 557, 561 (7th Cir. 2004). Under the AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent, or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d)(1), (2); *Early v. Packer,* 537 U.S. 3, 7-8 (2003); *Lambert,* 365 F.3d at 561.

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

In addition, when a habeas petitioner has committed procedural default–which occurs either (1) when a petitioner failed to exhaust state remedies and the court to which he would have been permitted to present his claims would now find such claims procedurally barred, *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1990), or (2) "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment" *id.,* at 729–the habeas court may not reach the merits of the habeas claims unless the habeas petitioner overcomes the consequences of that waiver by "demonstrat[ing] either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.,* a claim of actual innocence)." *Conner,* 375 F.3d at 649 (internal citations omitted).

**VII. Analysis**

### A. The Search

Gee claims that the Indiana Supreme Court's decision in *Litchfield v. State*, 824 N.E.2d 356 (Ind. 2005), should be applied retroactively. Whether there was error or not, however, depends solely on state law. By invoking the ruling in *Litchfield,* Gee rests this argument on the state courts' interpretation of the Indiana Constitution. This claim is not cognizable here. "Federal habeas courts lack subject-matter jurisdiction over such issues." *Lambert v. Davis,* 449 F.3d 774, 778-779 (7th Cir. 2006)(citing 28 U.S.C. § 2254(a) and *Estelle v. McGuire,* 502 U.S. 62, 67 (1991)).

### B.  Ineffective Assistance of Appellate Counsel

Gee claims that his appellate counsel rendered ineffective assistance by inadequately arguing the search issue because counsel did not sufficiently address the lack of reasonable suspicion for the trash search.

To support an ineffective assistance of counsel claim under *Strickland v. Washington,* 466 U.S. 668 (1984)*,* Gee must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Id.,* at 695. A failure to establish either prong will result in a denial of Gee's claim. See *Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007) (citing *Rastafari v. Anderson,* 278 F.3d 673, 688 (7th Cir. 2001)). The first prong is satisfied by a showing that counsel's performance fell below the "objective standard of reasonableness" guaranteed under the Sixth Amendment. *Barker v. United States,* 7 F.3d 629, 633 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 688). The prejudice prong of *Strickland* requires Gee to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

A federal habeas court does not apply the principles of *Strickland* directly, but instead analyzes whether the state courts reasonably applied federal law in concluding that Gee's counsel was not ineffective. See *Conner v. McBride,* 375 F.3d 643, 657 (7th Cir. 2004). "*Strickland* calls for inquiry into degrees," thereby "add[ing] a layer of respect for a state court's application of the legal standard." *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001). Accordingly, this court is required to deny the writ relative to this claim, at least as long as the Indiana Court of Appeals "t[ook] the [constitutional standard] seriously and produce[d] an answer within the range of defensible positions." *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000) (emphasis added).

The Indiana Court of Appeals properly recognized *Strickland* as providing the controlling test for judging a claim of ineffective assistance of counsel. *Gee II*, at p. 5. The Indiana Court of Appeals examined the circumstances associated with Gee's claim that he was denied the effective assistance of counsel in his direct appeal and then, after applying the *Strickland* standard, rejected the argument. In doing so, the Indiana Court of Appeals explained:

> Our review of Gee's brief on direct appeal reveals that his counsel devoted one-third of the brief to this argument, which was supported by numerous citations to Indiana and federal precedent as well as to the record. While Gee notes that there was pre-October 2003 precedent that required corroboration and indicia of reliability before there is reasonable suspicion to justify a brief intrusion such as a *Terry* stop, *Berry v. State,* 766 N.E.2d 805 (Ind.Ct.App. 2002), counsel is not required to extrapolate every possible argument from the available precedent. As Gee notes, "counsel cannot be expected to have a crystal ball . . . ." Moreover, Gee's appellate counsel did briefly address the argument that police lacked reasonable suspicion to search Gee's trash in the appellate brief . . . . Gee's attorney made this argument more than a year before *Litchfield* became the law in Indiana. We therefore cannot say that Gee's appellate counsel was ineffective on this basis.

*Gee II,* at pp. 8-9 (footnote and citations to record omitted). Thus, Gee's counsel in his direct appeal adequately presented and argued the search issue. In analyzing the performance of appellate counsel, it is more than apparent that the Indiana Court of Appeals took the constitutional standard of *Strickland* seriously and produced an answer within the range of defensible positions. Because this court cannot find that the Indiana Court of Appeals "unreasonably applie[d] [the *Strickland* standard] to the facts of the case," this court is without authority to grant Gee's petition for habeas relief as to his claim of ineffective assistance of counsel in his direct appeal. *Murrell v. Frank,* 332 F.3d 1102, 1111 (7th Cir. 2003)(citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

Respondent argues that the attorneys' performance could not have caused any *Strickland* prejudice to Gee, contending that the search of the trash would have passed muster under *Litchfield*. The court disagrees. In *Litchfield*, the Indiana Supreme Court held under the Indiana Constitution that searches of trash must be reasonable under all the circumstances, which requires "articulable individualized suspicion, essentially the same as is required for a '*Terry* stop' of an automobile." 824 N.E.2d at 364. In Gee's case, the police searched the trash based only on an anonymous tip. There is no indication that the police undertook any corroboration of the tip before searching the trash. In *Litchfield* itself, in a later appeal after the remand from the Indiana Supreme Court, the Indiana Court of Appeals affirmed suppression of the evidence and noted that an anonymous tip is not enough by itself to provide the reasonable suspicion needed to justify a *Terry* stop. *State v. Litchfield*, 849 N.E.2d 170, 174 (Ind. App. 2006), transfer denied, citing *Florida v. J.L.*, 529 U.S. 266 (2000), and quoting *Wells v. State*, 772 N.E.2d 487, 490 (Ind. App. 2002).

The Indiana Court of Appeals was not compelled to undertake an analysis to determine whether Gee's appellate counsel's performance was prejudicial within the meaning of *Strickland.* It was entitled to end its analysis when it concluded that counsel's performance had not fallen below an objective standard of reasonableness. See *Rastafari v. Anderson,* 278 F.3d 673, 688 (7th Cir. 2001). That conclusion, as explained, is entitled to deference commanded by § 2254(d)(1).

### C. Trial *In Absentia*

Gee argued in his direct appeal that the trial court erred by denying his motion to set aside his verdict because he was tried *in absentia.* That motion had been based on the argument that proceeding to trial with Gee absent had constituted error. That claim is renewed here, combined with the contention that his lawyers both at trial and in his direct appeal did not argue with sufficient vigor to preserve his right to the effective assistance of counsel.

The Sixth Amendment is made applicable to the States by the Fourteenth Amendment. *Gideon v. Wainwright,* 372 U.S. 335 (1963). The accused's right to be confronted with the witnesses against him requires a "face-to-face" meeting; "[o]ne of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial." *Illinois v. Allen,* 397 U.S. 337, 338 (1970). Indeed, the right to be present at every critical stage of a trial is a "fundamental right of each criminal defendant," *Rushen v. Spain,* 464 U.S. 114, 117-118 (1983), which is rooted in both the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments. See *United States v. Canady,* 126 F.3d 352, 360 (2d Cir. 1997) (citations omitted). The right to be present at trial is "scarcely less important to the accused than the right of trial itself." *Diaz v. United States,* 223 U.S. 442, 455 (1912). Notwithstanding the importance ascribed to this right, "[u]nder certain circumstances, a defendant may waive this right to be present. However, the waiver must be both knowing and voluntary." *United States v. Watkins*, 983 F.2d 1413, 1418 (7th Cir. 1993) (internal citations); see also *Brady v. United States,* 397 U.S. 742, 748 (1970)("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."). Thus, for example, the Supreme Court has held that a defendant who knowingly absents himself from the courtroom after trial has commenced "leaves the court free to proceed with trial in like manner and with like effect as if he were present." *Diaz,* 223 U.S. at 455.

The Indiana Court of Appeals recognized the foregoing principles. *Gee I,* at p. 6 ("Pursuant to the Sixth Amendment to the United States Constitution . . . , a criminal defendant has the right to be present during his trial. *Diaz v. State,* 775 N.E.2d 1212, 1216 (Ind.Ct.App. 2002). A defendant may waive this right, but only if the waiver was voluntarily, knowingly, and intelligently made. *Id.*). It then conducted its analysis of this claim. Gee had been present in court at a May 10, 2001, pre-trial conference and knew his trial was set for July 16, 2001. *Gee II,* at p. 7. The trial court denied Gee's oral motion for a continuance four days before his trial, and confirmed that the trial would occur on July 16, 2001. *Id.* The Indiana Court of Appeals continued:

> A few days after the trial, a relative of Gee's informed him that he was tried in absentia and found guilty by a jury. Even though he received this information, Gee did not contact the court until almost two years after the trial in absentia.
>
> At his sentencing hearing, Gee testified that he knew his jury trial was set for July 16, 2001. He further testified that he failed to appear because he believed that the date for his jury trial would be continued. However, neither

his counsel nor the trial court informed Gee that his jury trial would not be conducted on July 16, 2001. Even after finding out that the trial had proceeded without him being present, Gee did not contact the court. Instead, he failed to appear before the court until almost two years after the trial concluded. When asked by the trial court why he failed to contact the court, Gee replied that he was scared and had panicked.

*Gee I,* at pp. 7-8. Based on these circumstances, including Gee's explanation for his absence, the Indiana Court of Appeals concluded that "Gee has failed to rebut the presumption of waiver of his right to be present at trial." *Id.* at p. 8. This conclusion was reached only after the Court of Appeals reviewed the facts that Gee had prior, clear knowledge of the trial date, that a requested continuance had been denied just days before the scheduled trial, that Gee was aware of his right to be present at trial, and that Gee had failed to present a sound reason for his absence at trial or for the extended period after trial during which he failed to contact the court. This conclusion, therefore, was not contrary to, nor was it an unreasonable application of, established federal law as determined by the Supreme Court.

As noted, Gee now combines the trial *in absentia* claim with his assertion that he was denied the effective assistance of trial and appellate counsel claims for failing to challenge the trial *in absentia.* These specifications of attorney ineffectiveness were not raised in the Indiana state courts. They could have been presented in the course of Gee's action for post-conviction relief. Gee committed procedural default with respect to these specifications of attorney ineffectiveness and has not overcome the consequence of that default. See *Daniels v. Knight,* 476 F.3d 426, 430 (7th Cir. 2007) ("Out of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default.") (citation omitted).

### VIII. Conclusion

This court has carefully reviewed the state record in light of Gee's claims and has given such consideration to those claims as the scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Gee to relief in this case. His petition for a writ of habeas corpus is therefore **denied.**[1] Judgment consistent with this Entry shall now issue.

So ordered.

DAVID F. HAMILTON, Judge
United States District Court

Date: 8/31/2007

---

[1] Although Gee seeks an evidentiary hearing as to aspects of his habeas claims, such a proceeding is only necessary when a more extensive factual record must be compiled to decide an issue. See *Newell v. Hanks*, 283 F.3d 827, 838 (7th Cir. 2002). That is not the case here. Accordingly, his request for an evidentiary hearing is **denied.**